UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ALBERTO PEREZ,

          Petitioner,

   v.                                CAUSE NO. 3:21-CV-650 DRL-MGG

WARDEN,

          Respondent.

OPINION AND ORDER

Alberto Perez, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (MCF-21-3-71) at the Miami Correctional Facility in which a disciplinary hearing officer (DHO) found him guilty of possessing a weapon in violation of Indiana Department of Correction Offense 106. Following a hearing, he was sanctioned with a loss of one year of earned credit time, two demotions in credit class, and two years of disciplinary segregation with one year suspended. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Mr. Perez argues that he is entitled to habeas relief because he did not possess a deadly weapon. He asserts that another inmate took responsibility for the makeshift weapon found in his cell and further asserts that no evidence supported his ownership or knowledge of the weapon.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

Departmental policy defines possession as:

> On one's person, in one's quarters, in one's locker or under one's physical control. For the purposes of these procedures, offenders are presumed to be responsible for any property, prohibited property or contraband that is located on their person, within their cell or within areas of their housing, work, educational or vocational assignment that are under their control.

Indiana Department of Correction, The Disciplinary Code for Adult Offenders, Policy No. 02-03-101 (effective March 1, 2020).[1] The administrative record includes a conduct report in which a correctional officer says he found a makeshift weapon in a shoe underneath the desk in Mr. Perez's cell and that Mr. Perez was the only inmate assigned to that cell. ECF 1-1 at 5. It also includes a photograph of the makeshift weapon. ECF 1-1 at 8. The conduct report and the photograph constitute some evidence that Mr. Perez committed the offense of possessing of a weapon as defined by departmental policy. Though Mr. Perez and another inmate provided statements that Mr. Perez did not own or know about the weapon, neither ownership nor knowledge are elements of the offense; and, even if they were, the hearing officer was not required to credit these statements.

---

[1] This policy is available at https://www.in.gov/idoc/files/02-04-101-ADP-3-1-2020.pdf.

Therefore, the claim that the hearing officer did not have sufficient evidence is not a basis for habeas relief.

Mr. Perez argues that he is entitled to habeas relief because departmental policy does not allow for two years of disciplinary segregation as a disciplinary sanction. "[A] habeas corpus petition must attack the fact or duration of one's sentence; if it does not, it does not state a proper basis for relief under § 2254." *Washington v. Smith*, 564 F.3d 1350, 1351 (7th Cir. 2009); *see also Moran v. Sondalle*, 218 F.3d 647, 651 (7th Cir. 2000) ("State prisoners who want to raise a constitutional challenge to . . . administrative segregation . . . must instead employ § 1983 or another statute authorizing damages or injunctions—when the decision may be challenged at all.").

He argues that the sanctions imposed were generally excessive. "A federal court will not normally review a state sentencing determination [that] falls within the statutory limit." *Koo v. McBride*, 124 F.3d 869, 875 (7th Cir. 1997). According to departmental policy, inmates found guilty of possessing a weapon may be subject to sanctions up to the loss of one year of earned credit time and up to three demotions in credit class. Indiana Department of Correction, The Disciplinary Code for Adult Offenders, Policy No. 02-03-101 (effective March 1, 2020).[2] Because the sanctions affecting the duration of Mr. Perez's sentence were within the parameters set forth by departmental policy, the claim regarding excessive sanctions is not a basis for habeas relief.

---

[2] This policy is available at https://www.in.gov/idoc/files/02-04-101-ADP-3-1-2020.pdf.

Because Mr. Perez has not asserted a valid claim for habeas relief, the habeas petition is denied. If Mr. Perez wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed *in forma pauperis* on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Alberto Perez leave to proceed *in forma pauperis* on appeal.

SO ORDERED.

September 16, 2021                              *s/ Damon R. Leichty*
                                                Judge, United States District Court